UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LINDA ROBERTS, an
individual, et al.,

                                                  NO. CIV. S-11-2684 LKK/KJN

        Plaintiffs,

   v.                                              O R D E R

WELLS FARGO BANK, N.A.,
a corporation, et al.,

        Defendant.
                              /

    This action was filed by 63 plaintiffs who either obtained a mortgage loan from Wells Fargo, or who obtained a loan for which Wells Fargo is now the servicer. The First Amended Complaint ("FAC") alleges seven causes of action against the defendants: declaratory relief, rescission based on mistake, intentional misrepresentation, negligent misrepresentation, negligence, declaratory relief, and unfair competition. The FAC does not state any federal claims.

////

Plaintiffs first filed this case in Sacramento Superior Court, and defendants removed it to this court on the basis of diversity. Notice of Removal, ECF No. 1. In the Notice of Removal, Wells Fargo asserts that it is a citizen of South Dakota and not of California.

## I. Jurisdiction

Before proceeding to the merits, a federal court must first determine that it has jurisdiction to hear the case. Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 429 (2007).

For diversity jurisdiction to attach, plaintiffs must be citizens of a different state than defendant. See 28 U.S.C. § 1332(a)(1). According to defendants' notice of removal, at least thirty-six of the plaintiffs are citizens of California. Defendants assert that Wells Fargo and its related entities that are defendants in this action are citizens only of South Dakota. However, as this court held in Guinto v. Wells Fargo Bank, No. Civ. S-11-372, a national banking association such as Wells Fargo is a citizen of the state in which it has its principle place of business. Wells Fargo's principle place of business is in California. See Guinto FN 3. Accordingly, Wells Fargo is a citizen of California, and there is no basis for diversity jurisdiction.

## II. Order to Show Cause

On December 14, 2011, this court ordered counsel for plaintiffs to show cause why sanctions should not issue for failing to file an opposition or statement of non-opposition to motions filed by defendants. Counsel filed a response in which she agreed to pay the imposed sanctions.

**III. Conclusion**

The court ORDERS as follows:

> [1] This matter is REMANDED to the state court.
>
> [2] Counsel for plaintiffs is SANCTIONED in the amount of one hundred and fifty dollars ($150). This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the date of this order.
>
> [3] Counsel for plaintiffs SHALL file an affidavit accompanying the payment of this sanctions which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or any way made the responsibility of the client as attorneys' fees or costs.

IT IS SO ORDERED.

DATED: February 7, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT